JUSTIN M. HEILIG
HILL RIVKINS LLP
45 Broadway, Suite 1500
New York, NY 10006
Tel: (212) 669-0600
Fax: (212) 669-0698
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MITSUI SUMITOMO INSURANCE COMPANY, LTD., <br><br> Plaintiff, <br><br> - against - <br><br> KOREAN AIR LINES CO., LTD., <br><br> Defendant. | Case No. 20-cv-5900 <br><br> **COMPLAINT** |

Plaintiff Mitsui Sumitomo Insurance Company, Ltd. ("Mitsui"), by and through its attorneys Hill Rivkins LLP, as and for its Complaint against Korean Air Lines Co., Ltd. ("Defendant"), alleges upon information and belief as follows:

1. This subrogation action arises from loss or damage to a Yokogawa Cell Voyager CV8000 high-content screening system (the "Cargo") transported by international air carriage from Japan to the United States in December 2018.

2. This Honorable Court has jurisdiction pursuant to 28 USC § 1331, in that the action is governed by the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999 (entered into force

1

Nov. 4, 2003), S. Treaty Doc. No. 106-45, commonly known as the "Montreal Convention."

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and/or Article 33 of the Montreal Convention insofar as: Defendant operates in this District and is subject to the personal jurisdiction of this Honorable Court; and the shipment at issue was routed through John F. Kennedy International Airport ("JFK").

4. At all times relevant hereto, Plaintiff Mitsui was and now is a corporation organized and existing under Japanese law with an office and place of business at 11-1, Kanda Surugadai 3-Chome, Chiyoda-ku, Tokyo, 101-8011, Japan, engaged in business as part of the MS&AD Group of insurance companies. Mitsui's third party claims administrator in the United States was and now is Mitsui Sumitomo Marine Management (U.S.A.), Inc., a corporation organized and existing under New York law, with an office and place of business at 560 Lexington Avenue, New York, NY 10022.

5. At all times relevant hereto, Defendant was and now is a corporation organized and existing by virtue of Korean law, registered to do business within the State of New York as a foreign business corporation (DOS ID #561577), with an office and place of business at Terminal 1, Building 55, John F. Kennedy International Airport, Jamaica, NY 11430, engaged in business as a common air carrier of goods for hire, and issuing air waybills for the international carriage of goods aboard aircraft.

6. At all times relevant hereto, Mitsui's insured, Fujifilm Wako Automation Corporation ("Fujifilm"), was the consignee and/or owner of the Cargo at issue in this action. Pursuant to an insurance claim made under a policy then in force and effect, and prior to the commencement of this action, Mitsui reimbursed Fujifilm for the loss or damage to the Cargo, and thereby became subrogated to all of Fujifilm's rights, remedies, and causes of action with respect to the Cargo, including the claims asserted against Defendant herein.

7. Mitsui bring this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the Cargo, as their respective interests may ultimately appear, and Mitsui is entitled to maintain this action.

8. In or about December 2018, the Cargo was tendered to Defendant in good order and condition, and suitable in every respect for the intended transportation, which Defendant received, accepted, and agreed to transport by air carriage for certain consideration from Osaka, Japan to Boston, Massachusetts (via JFK), as more fully described in air waybill no. 180-2487 2820.

9. However, the Cargo was physically damaged during transit while in the charge of Defendant, rendering the high-precision electronic equipment a total loss.

10. By reason of the premises, Defendant failed to deliver the Cargo at destination in the same good order and condition as it was received; was negligent and careless

3

in its handling of the Cargo; breached its statutory, common-law, and contractual duties and obligations as an air carrier and/or bailee of the Cargo; and was otherwise at fault.

11.     Plaintiff Mitsui and its subrogor Fujifilm have duly performed all duties, obligations, and conditions precedent to be performed on their part, including but not limited to providing Defendant with timely written notice of the loss and damage to the Cargo upon discovery pursuant to Article 31 of the Montreal Convention.

12.     Mitsui has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $597,328.00.

      **WHEREFORE**, Plaintiff Mitsui prays:

    (i)    that process in due form of law may issue against Defendant according to the practice of this Court, citing it to appear and answer the foregoing;

    (ii)    that a judgment may be entered in the favor of Mitsui against Defendants in the amount of $597,328.00, together with costs, interest, and reasonable attorney's fees; and

    (iii)    for such other and further relief as this Court may deem just and proper under the circumstances.

Dated:   New York, New York
           December 4, 2020

HILL RIVKINS LLP, *Attorneys for*
Mitsui Sumitomo Insurance Co., Ltd.

By: _____/s/_____

Justin M. Heilig
45 Broadway, Suite 1500
New York, New York 10006
Tel: (212) 669-0600
Fax: (212) 669-0698
Email: jheilig@hillrivkins.com